*In re* ÁNGEL M. CIORDIA, querellado.

*Número:* CE-86-814    *Resuelto:* 18 de mayo de 1988

*Augusto Palmer* , abogado del querellado; *Eliadís Orsini Zayas, Procuradora General Auxiliar*, abogada de El Pueblo.

PER CURIAM: Luego de la investigación correspondiente de una queja sometida contra el abogado Ángel M. Ciordia, el Procurador General formuló una querella contra el abogado por violación al Canon 34 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.(1) Le imputó que en tres (3) ocasiones

---

(1) *"Canon 34. Instigación o gestión de pleitos*

"Actúa contrario a los altos postulados de la profesión el abogado que, con propósito de lucro y sin ser requerido para que ofrezca su consejo o asesoramiento legal, aliente o estimule, en alguna forma, a clientes potenciales para que inicien reclamaciones judiciales o de cualquier otra índole. Es también contrario a la sana práctica de la profesión el que un abogado, sin ser requerido, bien lo haga personalmente o a través de personas, investigue o rebusque defectos en

pagó al quejoso, el Sr. Rogelio Arroyo Ramos, por referirle clientes.

El licenciado Ciordia negó haber incurrido en conducta antiética. Designamos al Hon. Vicente López Pérez como Comisionado Especial y el 7 de mayo de 1987 denegamos una moción del Procurador General en la que se solicitaba permiso para retirar la querella por no contar con prueba sustancial para sostener los cargos imputados. Véase *In re Ciordia*, 118 D.P.R. 659 (1987). Concluida la vista expresamente ordenada por este Tribunal para adjudicar la cuestión de credibilidad, el Comisionado Especial rindió su informe.

I

Evaluada la prueba testifical y documental, el Comisionado Especial encontró que el querellante y un grupo de personas contrataron al licenciado Ciordia para que los representara en una reclamación de daños y perjuicios contra una compañía de construcción. Se suscribió un contrato de servicios profesionales mediante el cual se acordaron honorarios en forma contingente por el treinta y tres (33) por ciento de lo que "'produzca la acción ya sea en transacción o sentencia' quedando adicionalmente autorizado por el mismo

---

títulos u otras posibles fuentes o causas de reclamaciones a los fines de beneficiarse en alguna forma mediante la prestación de sus servicios profesionales.

"Empaña la integridad y el prestigio de la profesión y es altamente reprobable el que un abogado, actuando directamente o a través de intermediarios o agentes, haga gestiones para proporcionarse casos o reclamaciones en qu[é] intervenir o para proporcionarlos a otros abogados. Incurre. en igual falta el abogado que dé u ofrezca beneficios, favores o compensación de clase alguna a empleados públicos, ajustadores de seguros u otras terceras personas con el fin de ganarse su favor para el referimiento de asuntos que puedan dar base a reclamaciones o casos y, por ende, proporcionarle al abogado aumento en su clientela.

"Por tratarse de una conducta desdorosa, tanto con respecto a la profesión legal como con la justicia en general, todo abogado está obligado a informar a los organismos competentes sobre cualquier caso en que se incurra en dicha práctica impropia y reprensible inmediatamente después de tener conocimiento de ello.— Diciembre 24, 1970, ef. Diciembre 24, 1970." 4 L.P.R.A. Ap. IX, C. 34.

contrato a recobrar las costas". Como resultado de sus gestiones, el tribunal de instancia declaró con lugar la demanda y dictó sentencia que condenaba a los demandados a pagar la suma de $389,218 por concepto de daños más costas y honorarios por $89,612. El abogado cobró sus honorarios y remitió a los demandantes la diferencia. En vista de los gastos incurridos en el pleito, retuvo la cantidad destinada a costas y honorarios.

El Comisionado Especial también estimó que durante esos años el querellante refirió al licenciado Ciordia dos clientes adicionales con distintas reclamaciones. En ambos casos el abogado contrató a base de contingencia y, una vez obtuvo la compensación correspondiente por su servicio, entregó el remanente a sus clientes.

De la prueba documental sometida, el Comisionado Especial concluyó que entre el 1981 y el 1983 el abogado entregó tres (3) cheques al querellante por la cantidad total de $3,500 por concepto de compensación por las labores como ayudante de ingenieros en el caso contra la constructora. De los autos se desprende que en ese caso él no solamente fue uno de los demandantes y líder del grupo de residentes, sino que también fungió como ayudante de los ingenieros que sirvieron de peritos.

Finalmente, el Comisionado Especial examinó la relación entre el querellante y el abogado y concluyó lo siguiente:

19. El Lcdo. Ciordia, nunca le sugirió, insinuó o pidió al Sr. Rogelio Arroyo Ramos, que le trajera clientes, no hay prueba alguna, de que el querellado instigara o gestionara los pleitos referidos. Tampoco le prometió al querellado dinero o algún tipo de participación en los casos que el querellante le llevara. Esto quedó claro en las preguntas que este Comisionado hizo al querellante en la vista celebrada el 30 de junio de 1987. Al recibir las sumas mencionadas el querellante tampoco le preguntó al Lcdo. Ciordia, porqué le entregaba ese dinero. La única explicación que existe en la prueba es que dicha suma

constituyeron [*sic*] el pago al querellante por su labor en el caso del "SECO".

20. Concurrimos con la representante del Procurador General, en que se percibe claramente que el móvil de la queja con relación a lo planteado por el querellante ante este Honorable Tribunal, es su disgusto por la forma y la manera en que se distribuyó la partida referente a las costa[s] y honorarios de abogados concedidas a él y a los otros querellantes. Informe del Comisionado Especial de 27 de agosto de 1987, págs. 10–11.

En las circunstancias de autos, la prueba reseñada anteriormente no sostiene el cargo de que el abogado Ángel M. Ciordia faltó a su deber, o que directa o indirectamente a través de intermediarios hizo gestiones para proporcionarse de casos. Más bien, revela que hubo un conflicto entre el querellante y el abogado sobre la distribución de la partida de gastos y honorarios de abogado que el licenciado Ciordia no resolvió satisfactoriamente.

■ Aunque no procede una sanción disciplinaria por su actuación en estos casos, nuestro dictamen es, sin menoscabo de cualquier acción judicial, que el querellante, de estimarlo conveniente, inicie contra el abogado para reclamar la devolución de cualquier cantidad que, alegadamente, fue retenida de forma indebida por el licenciado Ciordia por concepto de la partida de costas y honorarios de abogado. El licenciado Ciordia deberá tomar las medidas cautelares correspondientes para evitar situaciones análogas en el futuro.

*Se dictará sentencia que archive la querella presentada contra el Lcdo. Ángel M. Ciordia.*

El Juez Asociado Señor Negrón García se inhibió.